. FRANK & CO. *v.* UNITED STATES (No. 710).[1]

DRAWNWORK ARTICLES PARTLY OF LACE OR IN IMITATION OF LACE.

The uncontradicted testimony shows the importation to be of drawnwork articles that are in part of lace or imitation lace. They are as such dutiable under paragraph 349, tariff act of 1909.—United States *v.* Ulmann (139 Fed. Rep., 3) and United States *v.* Simon (169 Fed. Rep., 106) distinguished.

United States Court of Customs Appeals, May 8, 1912.

APPEAL from Board of United States General Appraisers, G. A. 7227 (T. D. 31649).

[Affirmed.]

*W. Wickham Smith* and *John K. Maxwell* for appellants.

*William L. Wemple*, Assistant Attorney General (*Thomas J. Doherty*, special attorney, of counsel), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

SMITH, Judge, delivered the opinion of the court:

The goods involved in this case are doilies, tray cloths, tidies, and table centers composed of linen, on which, by withdrawing from the fabric some of the threads and the insertion of others openwork effects and ornamental figures and designs have been produced. The collector of customs classified these articles as drawn-thread articles of flax, cotton, or vegetable fiber made in imitation of lace and in part embroidered. He accordingly assessed them for duty at 60 per cent

---

[1] Reported in T. D. 32534 (22 Treas. Dec., 853).

ad valorem under the provisions of paragraph 349 of the tariff act of August 5, 1909, which, in so far as it is material to this case, reads as follows:

349. Laces, * * * and all other lace articles; handkerchiefs, napkins, wearing apparel, and all other articles made wholly or in part of lace or laces, or in imitation of lace; * * * wearing apparel, handkerchiefs, and other articles or fabrics embroidered in any manner by hand or machinery, whether with a plain or fancy letter, initial, or monogram, or otherwise, or tamboured, appliquéed, or scalloped, by hand or machinery, for any purpose, or from which threads have been drawn, cut, or punched to produce openwork, ornamented or embroidered in any manner herein described, in any part thereof, however small; * * * all the foregoing, composed wholly or in chief value of cotton, flax, or other vegetable fiber, * * * and not elsewhere specially provided for in this section, sixty per centum ad valorem; * * *.

The importers objected to the classification of the merchandise and the duty assessed thereon by the collector, and among other grounds of protest, which we deem it unnecessary to consider, the claim was set up that the importation was dutiable under the provisions of paragraph 358, which reads as follows:

358. All woven articles, finished or unfinished, and all manufactures of flax, hemp, ramie, or other vegetable fiber, or of which these substances, or any of them, is the component material of chief value, not specially provided for in this section, forty-five per centum ad valorem.

The Board of General Appraisers overruled the protest and the importers appealed.

On the hearing a member of the importing firm testified that the goods in controversy were drawnwork articles and that none of them were embroidered, tamboured, or appliquéd. He further stated that, considering the articles as *entireties,* they were not lace, but drawn-work. Three witnesses, all dealers in laces and embroideries, testified on the part of the Government that some of the figures or designs on the drawnwork articles were lace or imitation lace. It will be noted that the witness for the importers, speaking of the articles as *entireties,* said that they were not of lace. He gave no testimony as to whether any of the figures and designs which formed a *part* of the articles were or were not lace or imitation lace. His testimony, therefore, is entirely consistent with that of the witnesses for the Government who testified as to the nature of the ornamentation produced by the introduction of additional threads, and we must therefore find, as in effect the board found, that the merchandise was in part of lace or imitation lace.

Counsel for the appellants contend that drawnwork of the class here under consideration is neither in whole nor in part of lace or imitation lace, and apparently rest their contention in this behalf on the authority of United States *v.* Ulmann (139 Fed. Rep., 3) and United States *v.* Simon (169 Fed. Rep., 106). Both of these cases involved the dutiable classification of drawnwork articles, but in neither of them, as shown by the decisions, was a record submitted to the court

similar to that which is now presented upon this appeal. In the first case the Circuit Court of Appeals specifically held that it could not sustain the finding of the board that the goods involved were ornamented "so as to produce lace or effects in imitation of lace." That decision, however, was expressly based upon the ground that the testimony was undisputed that the merchandise was not lace. Speaking for the court, Judge Lacombe said:

> No witness testified that the effect of the ornamentation was in imitation of lace, while, on the contrary, witnesses who said that they dealt largely in laces, and were familiar with all sorts and kinds of laces, testified that the "effects" are not in imitation of any kind of lace known to them.

The second case (United States v. Simon) was, as appears from the decision itself, tried on the theory that the goods were lace or in imitation of lace. The merchandise, however, was described by the Circuit Court of Appeals as similar to that involved in the Ulmann case and as ornamented "usually with a single or double border, by drawing out certain of the warp or filling threads and tying and looping them with other threads to form figures, producing openwork effects." If this was a correct description of the goods, it would seem that beyond tying or looping the released threads of the fabric no extra threads were used in working out the designs or figures. Apparently, therefore, the articles were drawnwork and nothing else. Indeed, that they were not lace or imitation lace seems to have been conceded by counsel for the Government, who, on the argument of the appeal, made no contention that they were, but insisted that they should be classified as—

> Wearing apparel, handkerchiefs, and other articles or fabrics embroidered in any manner by hand or machinery, whether with a letter, monogram, or otherwise.

It is stipulated that two of the witnesses for the Government in the present issue were witnesses for the Government in the Simon case. We can not infer from that fact, however, that the evidence there submitted to the court was the same as that to which our attention is now invited by this record. Indeed, if it were the same it would not be of much importance, inasmuch as the Circuit Court of Appeals in the Simon case apparently proceeded on the assumption that the Government's contention that the articles were lace or imitation lace had been abandoned and decided the controversy solely on the ground that the goods were not embroidered.

On this appeal the Government insists that the drawnwork articles are in part of lace or imitation lace, and as that contention is supported by the uncontradicted testimony in the case we must hold that the goods are of that character. Inasmuch as this finding disposes of the appeal, we deem it unnecessary to consider the other phases of the case, although very fully discussed in the opinion of the board and briefs of counsel.

The decision of the Board of General Appraisers is *affirmed*.